UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA
CIVIL MINUTES—GENERAL

| Case No. | CV-25-7647-DMG (PVCx) | Date | October 16, 2025 |
|---|---|---|---|
| Title | *Aracely D Barrios Sequeira v. Saputo Cheese USA, Inc., et al.* | Page | 1 of 3 |

Present: The Honorable   DOLLY M. GEE, CHIEF UNITED STATES DISTRICT JUDGE

| DEREK DAVIS | NOT REPORTED |
|---|---|
| Deputy Clerk | Court Reporter |

| Attorneys Present for Plaintiff(s) | Attorneys Present for Defendant(s) |
|---|---|
| None Present | None Present |

**Proceedings: IN CHAMBERS—ORDER DENYING MOTION TO REMAND [13]**

On June 24, 2025, Plaintiff Aracely D. Barrios Sequeira filed her Complaint in Los Angeles County Superior Court against Defendant Saputo Cheese USA Inc. ("Saputo"). [Doc. # 1-1 ("Compl.").] Sequeira alleges seven causes of action: (1) discrimination in violation of California's Fair Employment and Housing Act ("FEHA"), Cal. Gov't Code § 12940 *et seq.*; (2) retaliation in violation of FEHA; (3) failure to prevent discrimination and retaliation in violation of FEHA; (3) failure to prevent discrimination and retaliation in violation of FEHA; (4) failure to provide reasonable accommodations in violation of FEHA; (5) failure to engage in the good faith interactive process in violation of FEHA; (6) declaratory judgment; and (7) wrongful termination in violation of public policy. Compl. at ¶¶ 38–102.

Sequeira requests compensatory damages (including lost wages, earnings, commissions, and retirement benefits), special damages, general damages (mental pain and anguish, emotional distress, loss of earning capacity), punitive damages, and attorney's fees and costs. Prayer for Relief at 1–5 [Doc. # 1-1]. Saputo removed this action to this Court on August 15, 2025 on the basis of diversity jurisdiction. [Doc. # 1 ("NOR").] Saputo was served on July 16, 2025. NOR at ¶ 2.

On September 11, 2025, Sequeira filed a motion to remand on the basis that Saputo had not adequately alleged that the amount in controversy exceeds $75,000. [Doc. # 13 ("MTR").] The MTR is fully briefed. [Doc. ## 16 ("Opp."), 18 ("Reply").] The parties do not dispute that their citizenship is diverse. *See* MTR at 6[1]; Opp. at 16; Compl. at ¶¶ 2–3; NOR at ¶¶ 10–12. The parties also do not dispute the timeliness of removal. NOR at ¶¶ 6–7.

As explained below, Saputo has satisfied the amount in controversy requirement. The Court therefore **DENIES** Sequeira's MTR.

---

[1] All page citations herein refer to the page numbers inserted by the CM/ECF system.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA
CIVIL MINUTES—GENERAL

| Case No. | **CV-25-7647-DMG (PVCx)** | Date | October 16, 2025 |
|---|---|---|---|
| Title | ***Aracely D Barrios Sequeira v. Saputo Cheese USA, Inc., et al.*** | Page | 2 of 3 |

# I.
# DISCUSSION

Diversity jurisdiction under 28 U.S.C. section 1332 requires that the parties to the suit are of diverse citizenship and that the amount in controversy exceeds $75,000. "The burden of establishing federal subject matter jurisdiction falls on the party invoking removal." *Marin Gen. Hosp. v. Modesto & Empire Traction Co.*, 581 F.3d 941, 944 (9th Cir. 2009) (citation omitted). There is a "strong presumption against removal jurisdiction," and courts must reject it "if there is any doubt as to the right of removal in the first instance." *Geographic Expeditions, Inc. v. Estate of Lhotka ex rel. Lhotka*, 599 F.3d 1102, 1107 (9th Cir. 2010) (internal quotation marks and citation omitted).

**A.      Compensatory Damages**

Saputo claims Sequeira earned a base hourly rate of $20.36 and a shift premium of $2.00 per hour if she worked a second shift. Decl. of Carmen Herrera ISO NOR ("Herrera Decl. ISO NOR") at ¶ 6 [Doc. # 2]; Decl. of Carmen Herrera ISO Opp. ("Herrera Decl. ISO MTR Opp.") at ¶ 6 [Doc. # 16-1]. Saputo draws these rates from the declarations of its Director of Human Resources, who reviewed Sequeira's personnel and payroll records. Herrera Decl. ISO NOR at ¶¶ 1–2; Herrera Decl. ISO Opp. at ¶¶ 1–2. Sequeira was hired on December 17, 2019 and was terminated on January 19, 2024. Compl. at ¶¶ 17, 19; Herrera Decl. ISO Opp. at ¶ 5. Assuming Sequeira was a full-time employee who worked 40 hours per week, Saputo calculates a minimum of $65,966.40 in lost wages from the date of her termination to the date of removal (40 hours per week at $20.36 per hour for 81 weeks). NOR at ¶ 22. Saputo did not include Sequeira's shift premium pay in its calculation. *Id.*

In its opposition, Saputo also submits Sequeira's W-2 issued for the 2023 calendar year. Herrera Decl. ISO Opp., Exhibit A [Doc. # 16-1 at 4–6]. The W-2 reports $42,597.69 in taxable income. *Id.* Based on Sequeira's W-2, Sequeira earned approximately $819.19 per week. Opp. at 11. At this weekly rate, Saputo calculates Sequeira's lost wages from the date of termination to the date of removal to be $66,354.39 ($819.19 per week for 81 weeks). *Id.*

The amount in controversy is not limited to damages incurred prior to removal. *Chavez v. JPMorgan Chase & Co.*, 888 F.3d 413, 414–15 (9th Cir. 2018). Instead, it is "determined by the complaint operative at the time of removal and encompasses all relief a court may grant on that complaint if the plaintiff is victorious." *Id.* FEHA back pay is calculated from the date of termination until the date of judgment. *Horsford v. Bd. of Trs. of California State Univ.*, 132 Cal. App. 4th 359, 388 (2005). The Court may use a conservative trial date of one year after removal.

| CV-90 | **CIVIL MINUTES—GENERAL** | Initials of Deputy Clerk DD |
|---|---|---|

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA
CIVIL MINUTES—GENERAL

| Case No. | **CV-25-7647-DMG (PVCx)** | Date | October 16, 2025 |
|---|---|---|---|
| Title | ***Aracely D Barrios Sequeira v. Saputo Cheese USA, Inc., et al.*** | Page | 3 of 3 |

*Reese v. Daikin Comfort Techs. Distribution, Inc.*, 729 F. Supp. 3d 980, 987 (C.D. Cal. 2024) (collecting cases); *accord Velez-Guerra v. Crescent Hotels & Resorts, LLC*, No. CV 20-6861-DMG (PJWx), 2020 WL 7311349, at *2 (C.D. Cal. Dec. 11, 2020). Accordingly, using a trial date of August 15, 2026, a conservative estimate of the back pay at issue in this case based upon Sequeira's income from her 2023 W-2 is approximately $109,771.46 ($819.19 per week for 134 weeks).

Sequeira argues Saputo failed to provide "admissible evidence" and therefore Saputo's calculations are conclusory. MTR at 9–10. Regarding the types of evidence defendants may rely upon, the Ninth Circuit instructs courts to consider facts in the removal petition and "summary-judgement-type evidence." *Matheson v. Progressive Specialty Ins. Co.*, 319 F.3d 1089, 1090 (9th Cir. 2003). Saputo's declarations from its Director of Human Resources and attached W-2 form satisfy this standard. These are not conclusory allegations. *Id.* at 1090-91.

Sequeira also argues the evidence is insufficient because Saputo failed to account for mitigation of damages, such as whether Sequeira collected unemployment benefits or whether prospective employers have inquired about her. MTR at 9. District courts do not consider the merits of affirmative defenses when determining the amount in controversy. *Greene v. Harley-Davidson, Inc.*, 965 F.3d 767, 774 (9th Cir. 2020); *accord Reese v. Daikin Comfort Techs. Distribution, Inc.*, 729 F. Supp. 3d 980, 986 (C.D. Cal. 2024) and *Velez-Guerra v. Crescent Hotels & Resorts*, LLC, No. CV 20-6861-DMG (PJWx), 2020 WL 7311349, at *2 (C.D. Cal. Dec. 11, 2020).

From a conservative estimate of lost wages alone, the Court determines the amount in controversy is in excess of $75,000. As such, the Court need not address Sequeira's emotional distress damages, punitive damages, or attorney's fees. *See* MTR at 10–14; Opp. at 13–18; Reply at 4–8.

## II.
## CONCLUSION

In light of the foregoing, the Court has diversity jurisdiction over this action under 28 U.S.C. section 1332. Sequeira's MTR is therefore **DENIED**. The October 17, 2024 hearing on the motion is **VACATED**.

**IT IS SO ORDERED.**

| CV-90 | **CIVIL MINUTES—GENERAL** | Initials of Deputy Clerk DD |
|---|---|---|